**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

NATASHA DEMETRIA DAVIS,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____/

Case No. 18-10228

Hon. Marianne O. Battani

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTION
AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    INTRODUCTION**

Before the Court is an objection (Dkt. 15) filed by Plaintiff Natasha Demetria Davis to a February 19, 2019 Report and Recommendation ("R & R") issued by Magistrate Judge Anthony P. Patti (Dkt. 14). In the R & R, the Magistrate Judge recommends that the Court deny Plaintiff's motion for summary judgment (Dkt. 11), grant the Defendant Commissioner of Social Security's motion for summary judgment (Dkt. 13), and affirm the challenged decision of the Defendant Commissioner. For the reasons discussed below, the Court **OVERRULES** Plaintiff's objection and **ADOPTS** the Magistrate Judge's R & R in its entirety.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Neither party has objected to the Magistrate Judge's statement of the procedural history and background facts of this case regarding Plaintiff's application for supplemental security income ("SSI") benefits. Nor do they object to the Magistrate Judge's summary of the administrative proceedings and findings of the Administrative Law Judge ("ALJ") on Plaintiff's claim for benefits. Accordingly, the Court adopts these unchallenged portions of the R & R.

## III. STANDARD OF REVIEW

A district court must conduct a *de novo* review of any portion of a magistrate judge's R & R to which a party objects. 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The requirement of *de novo* review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." *United States v. Shami,* 754 F.2d 670, 672 (6th Cir. 1985). Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[ ] that the district judge would be the final arbiter" of matters referred to a magistrate judge. *Flournoy v. Marshall,* 842 F.2d 875, 878 (6th Cir. 1988).

The Court must affirm the decision of the Defendant Commissioner so long as "it is supported by substantial evidence and was made pursuant to proper legal standards." *Rogers v. Commissioner of Social Security,* 486 F.3d 234, 241 (6th Cir. 2007). "Substantial evidence is defined as more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers,* 486 F.3d at 241 (internal quotation

marks and citation omitted). If the Commissioner's decision is supported by substantial evidence, "it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion." *Cutlip v. Secretary of Health & Human Services,* 25 F.3d 284, 286 (6th Cir. 1994) (citations omitted).

When determining whether the Defendant Commissioner's factual findings are supported by substantial evidence, the Court confines its examination to the administrative record considered as a whole. *Wyatt v. Secretary of Health & Human Services,* 974 F.2d 680, 683 (6th Cir. 1992). There is no requirement, however, that either the Commissioner or this Court must discuss every piece of evidence in the record. *Kornecky v. Commissioner of Social Security,* No. 04-2171, 167 F. App'x 496, 508 (6th Cir. Feb. 9, 2006). Further, in reviewing the Defendant Commissioner's resolution of Plaintiff's claim for benefits, this Court does not "try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon,* 499 F.3d 506, 509 (6th Cir. 2007).

## IV. ANALYSIS

Plaintiff has lodged a single objection to the R & R. In particular, she broadly asserts that "both the ALJ and the Magistrate Judge misconstrued medical evidence and testimony" in the administrative record, which in turn has resulted in the Magistrate Judge "incorrectly" concluding that the ALJ's decision is supported by substantial evidence. (Dkt. 15, Plaintiff's Objections at 5.) In support of this challenge, Plaintiff points to her own testimony at the administrative hearing, as well as her subjective complaints as recounted in function and disability reports. (*See id.* at 4-5.)

As Defendant correctly observes in response, however, Plaintiff's objection rests on a "cut and paste" characterization of the record that is repeated "verbatim from the statement of facts set out in her [summary judgment] brief." (Dkt. 16, Defendant's Response at 2.) Beyond this, Plaintiff offers only a boilerplate recitation of the governing law, followed by the conclusory assertion that the ALJ "inadequate[ly]" addressed "Plaintiff's many severe conditions." (Plaintiff's Objections at 3-6.)

In the R & R, the Magistrate Judge carefully reviewed the ALJ's decision and determined that it was supported by substantial evidence in the administrative record. (*See* R & R at 12-18.) Plaintiff has not even attempted to identify any purported deficiencies in this analysis. Where, as here, a party's objection to an R & R is "summary in nature, with no specificity at all," and this objection fails to "address the findings of the magistrate" or "specify the findings that [the objecting party] believe[s] [a]re in error," the Sixth Circuit has held that such a submission does not qualify as the "specific written objection[]" demanded under Fed. R. Civ. P. 72(b)(2) and this Circuit's precedents. *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995); *see also Howard v. Secretary of Health & Human Services,* 932 F.2d 505, 509 (6th Cir. 1991) ("A general objection to the entirety of the magistrate's report has the same effects as would a failure to object."). Similarly, to the extent that Plaintiff has merely "rebranded" an argument from her summary judgment motion as an objection to the R & R, without "any effort to identify any specific errors in the Magistrate Judge's analysis that, if corrected, might warrant a different outcome," this is "tantamount to an outright failure to lodge objections to the R & R." *Wallace v. Commissioner of Social Security,* No. 15-11839,

4

2016 WL 4409062, at *2 (E.D. Mich. Aug. 19, 2016) (internal quotation marks and citation omitted). Accordingly, the Court declines to address Plaintiff's objection.

## V. CONCLUSION

The Court has reviewed *de novo* the entire record and the pleadings, giving particular attention to those portions of the record relevant to Plaintiff's objection. 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). For the reasons stated above, the Court **ADOPTS** the Magistrate Judge's February 19, 2019 report and recommendation (Dkt. 14) in its entirety, and **OVERRULES** Plaintiff's March 5, 2019 objection to the report and recommendation (Dkt. 15). Accordingly, Plaintiff's motion for summary judgment (Dkt. 11) is **DENIED**, Defendant's motion for summary judgment (Dkt. 13) is **GRANTED**, and the challenged decision of the Defendant Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**

Date: March 25, 2019

s/Marianne O. Battani
MARIANNE O. BATTANI
United States District Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on March 25, 2019.

s/ Kay Doaks
Case Manager

5